AO 472  (Rev. 3/86)  Order of Detention Pending Trial

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA

CASE NO:  09-20254

v

DAMON DESEAN MORGAN
_____/

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the Defendant pending trial in this case.

**Part I—Findings of Fact**

Does not apply.

**Alternative Findings (A)**

(1) There is probable cause to believe that the Defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act/ /Controlled Substances Import & Export Act; Section 1 of Act of Sept. 15, 1980; and possessed a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c).

(2) The Defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of the community.

**Alternative Findings (B)**

(1) There is a serious risk that the Defendant will not appear.

(2) There is a serious risk that the Defendant will endanger the safety of another person or the community.

**Part II—Written Statement of Reasons for Detention**

The Government moves for detention, arguing initially that the presumption in favor of detention applies. I concur in this position as the Defendant faces more than 10 years potential custody for violations of the Controlled Substances Act. Therefore, I must consider whether there is sufficient evidence to rebut the presumption in light of the factors set forth in subsection § 3142(g).

As to the factors set forth in subsection (g)(1) and (g)(2), I find that the offense charged involves a narcotic drug, specifically crack cocaine. I find that from the grand jury having returned an Indictment, there is a definite weight of evidence, at least probable cause, supporting the charges against the Defendant.

As to § 3142 (g)(3), I find that the Defendant is currently 34 years of age, is married and resides with his wife and two children in River Rouge, Michigan. The Defendant has lived at various addresses in the Detroit area, and also lived in Saginaw for four years. The Defendant has received a GED, and since 2008 has been employed doing lawn care jobs. In 2007 and 2008, the Defendant worked at a conference center and the Temple Theater in Saginaw. The Defendant conceded to Pretrial Services that he has used marijuana for the last 17 years, and his last use of marijuana was in July, 2009.

In 1997, the Defendant pled guilty to Felony Controlled Substances - Delivery and Manufacture of Less Than 50 Grams of Cocaine and was sentenced to life time probation. In March of 1999, the Defendant pled guilty to violating the terms of his probation, was sentenced to 15 days of custody, and the probation was continued. Less than a year and a half later, the Defendant again pled guilty to violating the terms of his probation. He was sentenced to one to 20 years in custody, and was discharged from parole in 2004.

In November 1999, while still on probation, the Defendant was charged with Attempted Felony Controlled Substance - Possession of 50 to 499 Grams. The Defendant was found

guilty of that charge and was sentenced to 17 days custody and two years probation.  Less than two years later, in May of 2002, the Defendant pled guilty to violating the terms of that probation and was sentenced to 90 days custody.

In March 2002, while on probation, the Defendant was again charged with Felony Controlled Substance - Possession of Cocaine Less Than 25 Grams.  He pled guilty to attempted possession and was sentenced to two months to two years custody.

In April of 2006, the Defendant was charged with Delivery and Manufacture of Marijuana.  He was found guilty and sentenced to two years probation.  One year and one month later, in January of 2008, he pled guilty to violating that probation and the tem of probation was continued.  In December of 2008 the Defendant pled guilty to violating this term of probation for the second time and was sentenced to one year custody.  The Defendant was released on April 7, 2009.

In light of the Defendant's consistent pattern of criminal activity, and in particular his complete failure to abide by terms of supervision,  I find that the presumption in favor of detention has not been rebutted on the evidence presented.   The Defendant's criminal history shows a consistent and almost continuous pattern of drug dealing throughout the last nine years.  At least seven circuits and a number of district courts have held that continued drug dealing constitutes a danger to the community. *United States v. Milan*, 4 F.3d 1038, 1047 (2nd Cir. 1993); *United States v. Strong*, 775 F.2d 504, 507 (3rd Cir. 1985); *United States v. Williams (Melvin)*, 753 F.2d 329, 335 (4th Cir. 1985); *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989); *United States v. Portes*, 786 F.2d 758, 765 ((7th Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986); *United States v. De Leon*, 766 F.2d 77, 81 (2nd Cir. 1985); *United States v. Webb*, 238 F.3d 426, No. 00-6368, 2000 WL 1721060, * 1 (6th Cir. Nov. 6, 2000); *United States v. Kay*, 82 F.3d 415, No. 96-20058, 1996 WL 167512, *2 (5th Cir. Mar. 15, 1996) *United States v. Arroyo-Reyes*, 32 F.3d 561, No. 94-

1535, 1994 WL 440654, *3 (1st Cir. (Puerto Rico) Aug. 15, 1994); *United States v. Pena-Ruiz*, 532 F. Supp. 2d 367, 369 (D. Puerto Rico, 2008); *United States v. Thomas*, No. 2008-0020, 2008 WL 2557997, *4, 2008 WL 2557997 (D. Vir. Isl. June 23, 2008); *United States v. Kelley*, No. 08-40011-01-RDR, 2008 WL 821951, *2-3 (D. Kan. Mar. 26, 2008); *United States v. Hamlin*, No. 07-20274-03, 2007 WL 2225868, *2 (E.D. Mich. Aug. 1, 2007); *United States v. Rivera-Febres*, No. 07-054(DRD), 2007 WL 4287515, *4 (D. Puerto Rico Dec. 4, 2007) *United States v. Caniglia*, No. 02-188-01, 2002 WL 32351181, *5 (E.D. Pa. Apr. 9, 2002).

I find that there is absolutely no condition nor any combination of bond conditions which would reasonably assure the safety of the community. Accordingly the Government's motion to detain will be granted.

**Part III—Directions Regarding Detention**

The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

                                           s/ *Charles E Binder*
                                           CHARLES E. BINDER
Dated: August 27, 2009                United States Magistrate Judge

**CERTIFICATION**

    I hereby certify that this Order was electronically filed this date, electronically served on Norman Donker and Ken Sasse, and served on Pretrial Services and the U.S. Marshal's Service by other electronic means.

Date: August 27, 2009        By    *s/Jean L. Broucek*
                                        Case Manager to Magistrate Judge Binder