UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAMON DESEAN MORGAN,

    *Petitioner,*

v.

UNITED STATES OF AMERICA,

    *Respondent.*

_____/

CRIM. CASE NO: 1:09-cr-20254
CIVIL CASE NO: 1:17-cv-10043
DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PETITIONER'S 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE and RESPONDENT'S MOTION TO DISMISS
(Docs. 26, 32)

I. **RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Petitioner's motion to vacate (Doc. 26) be **DENIED** and that Respondent's motion to dismiss (Doc. 32) be **GRANTED.**

II. **REPORT**

On August 21, 2009, Petitioner was charged in an indictment with possession with intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1)(Count 1), possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §924(c)(1)(A)(Count 2), and felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1)(Count 3). (Doc. 3.) Petitioner was detained pending trial. (Doc. 9.) On November 24, 2009, Petitioner pleaded guilty to Count 1 of the indictment. (Doc. 17.) The plea agreement contained an appeallte and collateral attack waiver. (Doc. 17 at 7.)

Petitioner was sentenced on March 10, 2010 and judgment entered on March 16, 2010, committing Petitioner to the Bureau of Prisons for 210 months. (Doc. 22 at 2.) On January 3, 2017, Petitioner filed the instant motion to vacate sentence. (Doc. 26.)

Petitioner's sole argument for relief is based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). (Doc. 26 at 7.)

On January 31, 2017, Respondent filed a motion to dismiss Petitioner's motion to vacate sentence. (Doc. 32.) Respondent's motion to dismiss argues that Petitioner is not entitled to relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015) because his sentence was enhanced based on prior controlled substance violations and because he waived his right to collaterally attack his conviction and sentence. (Doc. 32.)

In *Johnson*, the Supreme Court held that the Armed Career Criminal Act's (ACCA's) residual clause, i.e., the clause that defines a "violent felony" to include an offense that "involves conduct that presents a serious potential risk of physical injury to another" is unconstitutionally vague and violates due process. 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court has further held that *Johnson* has retroactive effect in cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016); *accord*, *In Re Watkins*, 810 F.3d 375, (6th Cir. 2015).

The Sixth Circuit held that since the United States Sentencing Guidelines (USSG) § 4B1.2 also contains a residual clause that is identical in wording to the residual clause in the ACCA, the *Johnson* rationale applies equally to the sentencing guidelines residual clause defining a crime of violence. USSG § 4B1.2(a); *United States v. Pawlak*, No. 15-3566, 2016 WL 2802723, at *8 (6th Cir. Mar. 13, 2016). In this case, Petitioner was treated as a career offender under the guidelines based on prior controlled substance convictions, not violent felonies. Therefore, the *Johnson*

2

analysis does not apply. Even if it did, the United States Supreme Court in *Beckles v. United States*, 137 S. Ct. 886 (Mar. 6, 2017), abrogated *Pawlak* and held that the sentencing guidelines are not subject to a void-for-vagueness challenge. Therefore, the residual clause of the career offender sentencing guidelines remains viable and any claims challenging the guideline must fail.

Accordingly, I recommend that Respondent's motion to dismiss be granted and that Petitioner's motion to vacate be denied.

## III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response

proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  May 31, 2017  S/ PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge

**CERTIFICATION**

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class Mail to Damon Desean Morgan #42731-039 at McKean Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 8000, Bradford, PA 16701.

Date: May 31, 2017  By s/Kristen Castaneda
Case Manager