(13)

**NAME OF COURT**

United State District Court for the Eastern District of Michigan

Damon Morgan
plaintiff

vs.

United States
Defendant

Case No. 09 CR-20254-1

Judge Honorable Ludington

**FILED**
JAN 26 2023
U.S. DISTRICT COURT
BAY CITY, MICHIGAN

PRO SE MOTION FOR REDUCTION IN SENTENCE PURSUANT TO 8 U.S.C.S 3582 (C)(1)(A)

---

PRO SE MOTION FOR REDUCTION IN SENTENCE PURSUANT TO 8 U.S.C.S. 3582 (C)(1)(A)

---

Now comes the defendant, Damon Morgan Pro Se, moving this court for equitable consideration of Reduction in sentence pursuant to 8 U.S.C.S. 3582 (C)(1)(A), as the law provides. The movant has satisfied the statutory exhaustion requirements by submitting a request to the warden on 12/22/23, and respectfully 30 days has passed and the warden has declined to submit a motion on behalf of the movant. Thus as the law permits he petitions this honorable court.

The movant would like the court to note that 8 U.S.C.S. 3582 (C)(1)(A), does not soley offer immediate release as a rememdy, but also grants the court the discretion to reduce or modify a sentence. The Movant would appreciate the courts consideration of release, and or home confinement, but would just as much appreciate a equitable reduction of the sentence taking into account the increased severity of the sentence as a result of covid-19 and the inpact it has had on the penal system, in combination with other personal factors that the movant presents.
Respectfully.

/

MEMORANDUM

## Extraordinay and compelling Circumstances

A Large part of 8 U.S.C.S. 3582 (C)(1)(A) is that it gives the sentencing court the equitable opprotunity to consider factors that it was not aware of at sentencing or factors unforseen, In fact this agrees with 8..U.S.C.S. 991(b) which specifically encourages that judges exercise discerning flexibility in their application of the 3553 (A) factors for "aggravating" or "mitigating" circumstances of or to a degree, not adequately taken into consideration by the sentencing commision. A global pandemic like covid -19, and its undeniable impact on everything in modern society fits this definition well.

When the sentencing commision calculated the guidelines that this movant was sentenced under it couldn't have factored in the greatly multiplied punitive severity caused not by the movants own doing, as ones security level being increased as a result of failure to comply with prison rules, but by a global pandemic. It did not consider, (the sentencing commision) risk of death or severe illiness, pschological issues created by pro-longed lock downs, in continuous fear of health and life. The sentecing commision models were based on idea penal conditions under normal circumstances.

Therefore it is only rational to assume that if the sentencing guielines were crafted to take in the "B.O.P. currently strained operation" <u>Unites States v. Sawicz</u> 2020 LEXIS 64418( speaking about the pandemic created conditions in prison) The punitive value of a year in prison would greatly increase, and many terms would be fairly reduced, when the number one goal in sentencing an offende is to impose a sentence sufficient but not greater than neccesary..

The movant submits that the pandemic, the very real risk of death or severely debilatating illness in prison, and the psychological trauma of that makes the sentence greater than neccesary by many standards. see <u>Holguin-Hernandez v. United States</u>, 140 S.ct 762 (2020)

(a sentence that is greater than neccesary, is persay unreasonable)

The movant would ask the court to please consider the 3553 (A) factors not just as if the defendant commited the offense yesterday, but with a equitably renewed consideration. Considering the defandant as he is today, and the circumsta that exist today that were not forseen by the court, as many courts have. Consider, United States v. Rahim 2020 U.S. Dist LEXIS 89355 (E.D. MICH may 21, 2020) quoting United States v. Zukerman, 2020 U.S. Dist LEXIS 59588("The severity of the (defendants) conduct remains unchanged. What has changed however, is the enviroment where the (defendant) is serving his sentence. When the court sentenced the defenda the court did not intend for that sentence to include, 'incurring a great and unforseen risk of severe illness or death' brought by a global pandemic."
Consider also; United States v. Hatcher, 2021 U.S. Dist LEXIS 747 (S.D.N.Y. April 19, 2021) qouting United States v. Ng Lap Seng, 2021 U.S. Dist LEXIS 48187 WL 961-749 at *6( granting compassionate release after determining that 'the actual severity of (petitioners) sentence as a result of covid-19 outbreak exceeds what the court anticipated at the time of sentencing" (internal quotation marks ommited) quoting Rodriguez 2021 U.S. Dist LEXIS 181004, 2020 WL 5810161, at *3)

Indeed just because other courts have granted relief in a situation does not mean that a court is obligated to do the same in the discretionary matter, the movant only submits the above cases to show that the argument is non frivolous and worthy of this courts consideration.

respectfully, this movant understands the sincere consideration and factors that this court has to balance in these considerations not with standing the objections of the governemnt. However, This movant is not just asking for immediate release, but some equitable relief.

If the court decided against the immediate release of this movant, the movant would request that the court at the least fairly consider a equitable reduction of sentence taking in the Nationally recognized increased severity of the punishment.

Respectfully, If the court were to grant a reduction in sentence as the statute 8 U.S.C.S. 3582 (C)(1)(A) and 28 U.S.C.S. 991 (b)(1)(B) encourages under these specific set of circumstances, of any where from 1 year upto the remaining of the sentence under the circumstances, whatever relief the court granted would be more fair, than repectfully ignoring the obvious change of circumstances.

For example if the court was not inclined to a immediate release, a reduction leaving some time remaining on the sentence would potentially negate any immediate concern of threat to the community, or burden on the probation department, and give the movant even more time to prepare for release in a meaningful manner.

It is no mystery that many courts are not pressed to release convicted criminals from prison early absent, a good reason, and some have even intimated, that the risk of death in prison was not created by covid -19. However, this does not speak to the proven increased severity of the punishment, and the importance of equity in the application of the sentencing factors.

In Final the movant hopes at the court would consider a __Time Served__ reduction of his sentence of __1 1/2 year__; The Movant has served __13 years 3 months 20 days__, and Feels that with the reduction his time served and what ever time the court grants would still satisfy the factors under these circumstances. However, any relef granted would be appreciated by the movant as a further encouragement towards being a productive member of society. "any amount of actual jail time" of would be significant, Glover v. United States 531 U.S. 198 (2001). "It is crucial in maintaining public perception of fairness and integrity in the justice system that courts exibit regard for fundamental rights and respect for prisoners 'as people.' T.Tyler, Why People Obey the Law 164 (2006) qouted in Rosales-Mireles.

4

Other reasons the movant presents for consideration for the courts are;

Petitioner has been incarcerated for over 14 years as Petitioner is serving a concurrent state sentence from the state of michigan. Petitioner was serve on 05-03-10, to a 144 running concurrent with petitioner current federal sentence of 210 months. On 01-07-22, Petitioner was notified by the Department of Correction that his "Judgement and Commitment" was amended and added a

see continuation...

In the case that the court did consider immediate release, the movant would be able to provide a viable release plan.

For the foregoing reasons movant request this honorable court to grant the movant the requested relief, in the case the court is considering release please appoint counsel to verify a release plan. The movant would also request a hearing in these matters via, tele conference or video to answer any questions or concerns that the court may have, and to make further plea for requested relief.

The movant thanks the court for it time and thoughtful consideration.

Respectfully submitted

Movant pro- se

Damon Morgan

## DECLARATION

I, Damon Morgan hereby swear under the penalty of perjury Pursuant to 8 U.S.C.S. 1746 that all of the foregoing in the attached motion pursuant to 8 U.S.C.S. 3582 (C)(1)(A) to be true and correct to the best of my knowledge and belief.

Dated 12/23/22   s//_____

## CERTIFICATE OF SERVICE

I, Damon Morgan also swear under the penalty of perjury that I placed the attached motion pursuant to /8 U.S.C.S. 3582 (C)(1)(A) in the Institutional Mail Box at FCI Allenwood-Medium, PA to be mailed to the clerk of the court of Eastern District of Michigan on the date 12/23/22 postage prepaid with tracking for immediate filing. As the institution and B.O.P. is on modified operation, and copies are difficult to get, may the clerk please notify, and electronically serve The pertinent AUSA at there respective email on file with the clerk.

Dated 12/23/22   s//_____

Name; Damon Morgan
number; 42731-039
address;

Additional 120 months. Petitioner as since sought relief with the court, only to be advise that the court made a mistake and that Petitioner's maximum sentence that the court would have to impose would be 240 month's. Petitioner has since tried to appeal this Judgement, however since the court did not send it's amendment until 5 months after it's amendment, Petitioner is being denied thus far, as a result of this additional 120 months (10 years), Petitioner is being denied Residential Reentry Center (RRC). Petitioner asserts that this is extraordinary and compelling reason to grant petitioner the

(1)

Relief sought in this motion. Petitioner further avers that other extraordinary and Compelling exsist as Follow:

Petitioner asserts that Attorney General Merrick Garland just release two (2) memorandum creating a agency policy and the passage of The Equal Act S.79 Bill in conjunction with the First Step Act "Time Credits", Petitioner has met the Extraordinary and Compelling reason for compassionate Release. (1) Petitioner has earned 1 1/2 year of time credit giving Petitioner a "new Release" Date of immediate release and asserts that he is still eligible for one (1) year of

(2)

Residential Reentry Center or home confinement in the addition to his earn time credit of the First Step Act. Petitioner's only concerns with his Time credits is that there is no Residential Reentry Center space to house inmates who have earned the credits and are due for immediate release. They're current case law in the District Court through-out the United States that contest to these Extraordinary and Compelling facts. Petitioner asserts that the court would not be under no scrutiny in Granting petitioner's compassionate release regarding these Extraordinary and Compelling reason for the fact

(3)

that inmates are being detained in Prison due to the lack of availability for Residential Reentry Placement.

(2) Petitioner further asserts that U.S. Attorney Merrick Garland has just implemented the Justice Department's support of the elimination of the crack-to-powder disparity. The Department has in conjunction with the sentencing commission acknowledged that by fiscal year 2014, Judges imposed a sentence below the career offender range in roughly 75% of Drug-Based Career offender cases. The Department is requiring that career offender's who's offenses does not involve violence i.e.

(4)

actual or threatened use of a weapon or means of violence regarding defenders predicate offense, then the prosecutor should advocate for a variance or non-career offender Guideline. Petitioner has meant all of the criterial of these new developement and ask that the court would consider these new developements as they create Extraordinary and compelling circumstances that has plagued the crack cocaine offenses for over 35 years, and this petitioner has been affected by both the career offender Guidelines as well as the 18 to 1 Ratio.

Finally, Petitioner asserts that 12-23-22,

(5)

The Equal Act, S.79 Bill will be passed reducing the 18 to 1 Ratio to 2.5 Ratio and possibly making the bill retroactive. Petitioner asserts that this would produce Petitioner's immediate release and would create Extraordinary and compelling circumstances. Petitioner would have serve more than enough to meet the § 3553(a) factors in his sentence.

Wherefore, Petitioner Pray that the Court would grant Petitioner's motion and order Petitioner's Immediate release.

Respectfully,

Damon Morgan
#42731-039
F.C.I. Allenwood-medium
White Deer, PA 17887

(6)



DAMON MORGAN 42731-039
FCI Allenwood Medium
PO Box 2000
White Deer, PA 17887

Hon Judge Ludington
101 1st St
Bay City, MI 48708

RECEIVED
JAN 26 2023
THOMAS L. LUDINGTON
U.S. DISTRICT JUDGE