UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      Case No. 1:09-cr-20254

v.                                       Honorable Thomas L. Ludington
                                           United States District Judge
DAMON DESEAN MORGAN,

                                           Honorable Patricia T. Morris
        Defendant.               United States Magistrate Judge
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE WITH PREJUDICE**

This matter is before this Court upon Defendant Damon Desean Morgan's Motion for Compassionate Release, ECF No. 47. As explained hereafter, his Motion will be denied.

**I.**

After he pleaded guilty, to one count of possession with intent to distribute at least 50 grams of crack, 21 U.S.C. § 841(a)(1), Defendant Damon Desean Morgan was sentenced as a career offender to 210 months' imprisonment followed by 5 years of supervised release. ECF No. 22. Two years later, Defendant filed a motion for a sentence reduction under 18 U.S.C. § 3582, ECF No. 23, which was denied in June 2014, ECF No. 24. In January 2017, Defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255, ECF No. 26, which was denied on the recommendation of Magistrate Judge Patricia T. Morris in July 2017, ECF Nos. 37; 38. In January 2019, Defendant filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), ECF No. 40, which was granted in April 2019, resulting in a new sentence of 180 months' imprisonment followed by 5 years of supervised release, ECF No. 44.

On January 26, 2023, Defendant filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)—his fourth attempt to reduce his sentence to some extent. ECF No. 47. The Government opposes it. ECF No. 49.

As explained hereafter, Defendant's Motion for Compassionate Release will be denied with prejudice because he has demonstrated neither (1) an extraordinary and compelling reason for release nor (2) that the factors outlined in 18 U.S.C. § 3553 warrant release.

II.

A motion for compassionate release under § 3582(c)(1)(A) requires a two-part analysis.

The first part is exhaustion. A defendant may file a motion for a reduction under § 3582(c)(1)(A) only after requesting a reduction from the Bureau of Prisons (BOP) and then either (1) "fully exhaust[ing] all administrative rights" or (2) waiting until "30 days [have elapsed] from the receipt of such a request by the warden." *See* 18 U.S.C. § 3582(c)(1)(A). This first step is a "mandatory claim-processing rule[]" that "must be enforced" if "properly invoked." *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020).

The second part involves the Sixth Circuit's three-step test:

> At step one, a court must find whether extraordinary and compelling reasons warrant a sentence reduction. At step two, a court must find whether such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. At step three, § 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case.

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (cleaned up). If any of § 3582(c)(1)(A)'s three prerequisites are missing, then this Court may deny compassionate release without addressing the other factors. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

III.

A.

The first issue is whether, before filing his Motion, Defendant requested compassionate release from the BOP and then either (1) received a denial and fully exhausted his administrative remedies or (2) received no response but waited at least 30 days before filing his motion. *See* 18 U.S.C § 3582(c)(1)(A).

The BOP denied Defendant's request for compassionate release on January 23, 2023. ECF No. 49 at PageID.174. Therefore, Defendant has exhausted his administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A).

B.

The next question is whether "extraordinary and compelling reasons" justify reducing Defendant's sentence. *See Jones*, 980 F.3d at 1108. Congress did not define "extraordinary and compelling reasons," but the United States Sentencing Commission has identified several "extraordinary and compelling" reasons. *See* U.S. SENT'G GUIDELINES MANUAL § 1B1.13 cmt. n.1 (U.S. SENT'G COMM'N 2018) (identifying certain medical conditions, ages, and family circumstances, including reasons determined by the Director of the BOP).

Although § 1B1.13 does not apply to "a motion for compassionate release." *Jones*, 980 F.3d at 1109, the district court may "consider [§ 1B1.13] as part of its discretionary inquiry into whether a case presents extraordinary and compelling reasons for release," *United States v. Tomes*, 990 F.3d 500, 503 n.1 (6th Cir. 2021). In this way, "federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Jones*, 980 F.3d at 1111.

But that discretion is not unfettered. *See United States v. Hunter*, 12 F.4th 555, 562 (6th Cir. 2021). District courts must apply the ordinary meaning of the terms "extraordinary" and "compelling." *See id.* (requiring that "extraordinary" means "most unusual, far from common, and having little or no precedent," and "compelling" means "forcing, impelling, driving." (cleaned up) (quoting WEBSTER'S THIRD INTERNATIONAL DICTIONARY: UNABRIDGED 463, 807 (1971))).

Consistent with *Hunter*, this Court must determine whether Defendant's reasons for a reduced sentence are "extraordinary" and "compelling" as that language is commonly understood. *See id.*; *see also United States v. Powell*, No. 2:12-CR-20052-2, 2021 WL 613233, at *2 (E.D. Mich. Feb. 17, 2021) ("Several cases in the Eastern District of Michigan have adopted textual analyses to determine what reasons are 'extraordinary and compelling[.]'") (collecting cases).

Defendant advances three reasons for compassionate release: (1) the COVID-19 pandemic (2) a nonretroactive change in law, (3) a proposed Senate bill, and (4) the BOP not placing him in home confinement despite earned time credits. ECF No. 47. Whether considered independently or together, those reasons are neither extraordinary nor compelling.

i.

Defendant cites the COVID-19 pandemic as an extraordinary and compelling reason for release from prison. ECF No. 47 at PageID.146–51. Notably, Defendant is fully vaccinated against COVID-19. ECF No. 49 at PageID.163.

But he did not raise the COVID-19 pandemic to the BOP. ECF No. 49-2 at PageID.173. True, this Court may consider arguments not presented to the BOP. *United States v. Hopkins*, 594 F. Supp. 3d 852, 857 (E.D. Mich. 2022) (collecting cases). But the purpose of § 3582(c)(1)(A)'s exhaustion requirement is to ensure the BOP can consider an inmate's request first. *See United States v. Alam*, 960 F.3d 831, 835-36 (6th Cir. 2020). The BOP has not yet had the opportunity to

consider whether the COVID-19 pandemic justifies releasing Defendant or reducing his sentence. Because he is vaccinated, the COVID-19 pandemic is not a circumstance exigent enough to remove the BOP from the equation. *See United States v. Curney*, No. 1:15-CR-20314, 2021 WL 9526010, at *2 (E.D. Mich. Oct. 5, 2021). Because Defendant did not exhaust the issue with the BOP, the COVID-19 pandemic will not be considered.

### ii.

Defendant next asserts that recently implemented policies from the Department of Justice (DOJ) regarding future sentencings are an extraordinary and compelling reason for release. ECF No. 47 at PageID.155–56.

But "[n]onretroactive legal developments, considered alone or together with other factors, cannot amount to an 'extraordinary and compelling reason' for a sentence reduction." *McCall*, 2022 WL 17843865, at *15. And the policy changes would place Defendant within the exact same Guidelines range. Therefore, the DOJ's new policies is neither extraordinary nor compelling. *See United States v. Rodriguez*, 451 F. Supp. 3d 392, 405 n.13 (E.D. Pa. 2020) ("I do not find the purported changes in Department of Justice (DOJ) policy to be extraordinary and compelling reasons. Whether or not this could be an appropriate basis for compassionate release, [Defendant] has not demonstrated that he would be charged differently today.").

### iii.

Defendant then cites a Senate bill proposed in January 2021 that was never passed as law. ECF No. 47 at PageID.153 (citing The EQUAL Act, S. 79, 117th Cong. (2021)).

But a bill that has not passed even one chamber of Congress and has unclear retroactivity is neither extraordinary nor compelling. *See United States v. Sims*, No. 19CR857NSR01, 2022 WL 3013111, at *3 (S.D.N.Y. July 29, 2022) ("[T]he Court is unpersuaded that the potential

applicability of the yet-to-be-enacted EQUAL Act could be considered an 'extraordinary and compelling' circumstance."). And the currently divided Congress suggests that the EQUAL Act will not become law anytime soon. Thus, the EQUAL Act is neither an extraordinary nor compelling reason for a sentence reduction.

### iv.

Finally, Defendant asserts that not being placed in a "Residential Reentry Center or home confinement" despite earning one-and-a-half years "of time credit" under the First Step Act (FSA) is an extraordinary and compelling reasons for release. ECF No. 47 at PageID.153–54.

But the text of the FSA is clear: FSA credits apply to only "prerelease custody or supervised release," *not* to a term of imprisonment. 18 U.S.C. § 3632(d)(4)(C). And determining prerelease custody is solely within the BOP's discretion. *United States v. Pulido*, No. 19-CR-20615, 2022 WL 3005984, at *1 (E.D. Mich. July 28, 2022) (citing *United States v. Parks*, No. 1:17CR137, 2019 WL 5085968, at *2 (N.D. Ohio Oct. 10, 2019)). "For these reasons, Defendant's argument regarding the application of his FSA Time Credits is neither extraordinary nor compelling." *United States v. Smith*, No. 1:17-CR-20753, 2022 WL 17718413, at *4 (E.D. Mich. Dec. 15, 2022).

Yet Defendant's FSA Time Credits should be applied to his time on supervised release if he is not approved for prerelease custody before his term of imprisonment ends. If Defendant's FSA Time Credits are not applied to his supervised release term, then he may challenge the computation of his time credits under 18 U.S.C. § 2241.

### v.

Similarly, Defendant's reasons, taken in concert, do not support a sentence reduction. *United States v. Lemons*, 15 F.4th 747 (6th Cir. 2021) ("[T]he combination of grounds for release, none of which independently supports a sentence reduction, does not collectively 'entitle a

defendant to a sentence reduction.'" (quoting *United States v. Jarvis*, 999 F.3d 442, 444 (6th Cir. 2021))); *see also United States v. Hunter*, 12 F.4th 555, 563 n.3 (6th Cir. 2021) (declining to determine "how the combination of the factors compounded the reasons for" a sentence reduction when the factors included a non-retroactive change in sentencing law, facts that existed at sentencing, and the defendant's rehabilitation); *United States v. McKinnie*, 24 F.4th 583, 589 (6th Cir. 2022) ("[T]he district court acted within its discretion by declining to find that these aggregate considerations necessitated a sentence modification." (citing *Lemons*, 15 F.4th at 749)). Therefore, Defendant has not demonstrated an extraordinary or compelling reason for a sentence reduction.

## C.

The final issue is whether 18 U.S.C. § 3553's applicable factors justify a reduced sentence. *See United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020).

Ordinarily, this Court would decline to proceed to the final issue—whether the § 3553 factors warrant release—because the lack of an extraordinary and compelling reason for release is dispositive. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others."). But to be thorough, this Court will consider the § 3553 factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for—

>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
>> . . . .
> (5) any pertinent policy statement—
>> . . . .
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

This final step requires more than a casual reference to § 3553 and its relevant factors. *See Jones*, 980 F.3d at 1112 ("[J]udges maintain an obligation to provide reasons in both sentencing-modification decisions, and traditional sentencing decisions." (internal quotation marks omitted)). But "a district judge need not specifically articulate its analysis of every single § 3553(a) factor" if "the record *as a whole* demonstrates that the pertinent factors were taken into account." *Id.* at 1114 (internal quotation marks omitted). Ultimately, the burden is on Defendant to "make a compelling case as to why the . . . § 3553(a) analysis would be different if conducted today." *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021) (presuming that a "district court's initial balancing of the § 3553(a) factors . . . [presumably] remains an accurate assessment as to whether those factors justify a sentence reduction").

Defendant's case is not compelling. He does not even address the § 3553 factors. Plus, this Court already considered the § 3553(a) factors when Defendant was first sentenced. *See* ECF No. 22. "Defendant does not explain why that analysis was flawed or what, if anything, has changed since his sentencing. Indeed, this Court is unaware of any intervening change in law that would result in a lower guideline range." *United States v. Turner*, 594 F. Supp. 3d 869, 875–66 (E.D. Mich. 2022). His current sentence reflects the district court's evaluation of "the need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law" under § 3553(a)(2)(A). *United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir.

2020) (unpublished); *accord United States v. Ruffin*, 978 F.3d 1000, 1008 (6th Cir. 2020). The same remains true here.

Meanwhile, despite serving 14 years in prison, he does not express any remorse. Obviously, "lack of remorse cannot warrant a discount." *United States v. Mukherjee*, No. 4:04-CR-50044-1, 2022 WL 2703955, at *8 (E.D. Mich. July 12, 2022).

Nor has he mentioned any sort of plan to reintegrate into society, to find a job or a home, or to do anything productive. Even his plan to join a residential reentry program appears farfetched. Indeed, after this term of imprisonment ends, he must serve 3–12 more years for a November 2008 traffic stop where he possessed a firearm and 7.43 grams of crack packaged for distribution. *See People v. Morgan*, No. 09-03124-FH (Mich. 10th Cir. Ct. Saginaw Cnty. (Oct. 26, 2021)); *see also* ECF No. 49-8 at PageID.219. "Defendant's insufficient plan to find employment . . . outside prison does not justify reducing his sentence by over [10]%." *United States v. Turner*, 594 F. Supp. 3d 869, 876 (E.D. Mich. 2022).

Defendant's history and characteristics affirm the propriety of his original sentence. The Michigan State Police executed a search warrant at Defendant's address and found $6,150.00 in cash, 78.46 grams of crack, a stolen .22-caliber revolver loaded with 8 bullets, and a digital scale. PSR ¶ 10. And that was not his first offense. His criminal-history points identified him as a career offender under U.S.S.G. § 4B1.1, for which he was sentenced accordingly. *Id.* at ¶ 25. Simply put, Defendant is a career drug trafficker. "Society as a whole is the victim when illegal drugs are being distributed in its communities." *United States v. Green*, 532 F.3d 538, 549 (6th Cir. 2008).

And Defendant has demonstrated no rehabilitation efforts. He has not mentioned the name of a class he attended, a book he read, or anything he did to benefit the life of any other person. The best that can be discerned is that Defendant's behavior is "expected of all inmates and is in no

way exceptional." *Mahan v. Douglas*, No. 1:22-CV-10490, 2022 WL 17352566, at *2 (E.D. Mich. Dec. 1, 2022)). But he does not even break par. Since 2017, he has amassed 10 disciplinary actions, 5 of which included using or possession drugs, alcohol, or both. ECF No. 49-4 at PageID.175–78. Thus, "it would seem that 'his earlier terms of imprisonment did not abate his proclivity for crime.'" *United States v. Ocampo*, No. 1:06-CR-20172-1, 2023 WL 168753, at *5 (E.D. Mich. Jan. 12, 2023), (quoting *United States v. Burlingame*, 586 F. Supp. 3d 705, 713 (E.D. Mich. 2021)), *recons. denied* No. 1:06-CR-20172-1, 2023 WL 1802379 (E.D. Mich. Feb. 7, 2023).

In sum, a sentence reduction is not warranted. Defendant's prior custody did not deter him from taking penitentiary chances, he still presents a danger to the community, he is not remorseful, he has not tried to rehabilitate himself, and his already reduced 180-months sentence is necessary to provide just punishment, to afford adequate deterrence, and to protect the public. 18 U.S.C. § 3553(a). A lower sentence would not accomplish the goals of the Sentencing Reform Act, so Defendant should continue to serve his sentence. *See* Alyssa C. Hennig, Note, *An Examination of Federal Sentencing Guidelines' Treatment of MDMA ("Ecstasy")*, 1 BELMONT L. REV. 267, 272 (2014) ("Section 3553(a)(2) requires that a defendant's sentence be 'sufficient, *but not greater than necessary*.'" (quoting 18 U.S.C. § 3553(a))). Consequently, his Motion will be denied.

**IV.**

Accordingly, it is **ORDERED** that Defendant's Motion for Compassionate Release, ECF No. 47, is **DENIED WITH PREJUDICE**.


Dated: February 17, 2023                    s/Thomas L. Ludington
                                            THOMAS L. LUDINGTON
                                            United States District Judge